UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KRYSTLE FRASIER )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>MIDLAND CREDIT MANAGEMENT, INC. )<br>    Defendant, )<br>)<br>) | Case No. 3:25-cv-692<br><br>JURY TRIAL DEMANDED |

COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Mecklenburg County, North Carolina, and the Defendant transacts and conducts business in this District.

1

## III. PARTIES

3. Krystle Frasier (hereinafter "Plaintiff") is a natural person residing in Mecklenburg County, North Carolina and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Midland Credit Management, Inc. is a California corporation. The North Carolina Registered Agent is Corporation Service Company 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts.

## IV. FACTS OF THE COMPLAINT

6. At all relevant times, Defendant was attempting to collect a consumer debt from Plaintiff allegedly owed to First Electronic Bank in the amount of $1,300.10.

7. At a date better known by the Defendant, Defendant started to send communications to Plaintiff attempting to collect the First Electronic Bank debt.

8. On or about March 31, 2025, Plaintiff saw an email attempt from Defendant to collect on the alleged First Electronic Bank debt. This email also included direct payment options and a threat to take legal action if the debt was not resolved by April 26, 2025.

9. On or about April 1, 2025, Plaintiff responded to the email from the Defendant explicitly refusing to pay the debt pursuant to 15 U.S.C. § 1692c(c).

10. Under § 1692c(c), if a consumer notifies a debt collector in writing that she refuses to pay a debt, the debt collector shall not communicate further with respect to the debt.

11. On or about May 1, 2025, Plaintiff received an email from Defendant demanding payment of the debt, giving her direct payment options and threatening to take legal action if the debt remained unpaid.

12. On or about May 16, 2025, Plaintiff received a letter from the Defendant, which stated in bold letters "You Have An Obligation To Resolve This". The letter was dated April 30, 2025.

13. Despite Plaintiff's explicit refusal to pay the alleged debt, Defendant continued to contact Plaintiff regarding the alleged debt via emails and letters. None of the Defendants communications fall under the exceptions outlined in this section, therefore were in direct violation of 15 U.S.C. § 1692c(c).

14. As a direct and traceable result of Defendant's unlawful conduct, Plaintiff has suffered actual damages, including but not limited to emotional distress, humiliation, anxiety, and mental anguish.

## V. FIRST CLAIM FOR RELIEF

*<u>Violations of 15 U.S.C. § 1692c(c) – Failure to Cease Communication</u>*

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

3

16. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving her written refusal to pay the alleged debt. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all monetary awards;
5. That actual and statutory damages be awarded cumulatively, not in the alternative.
6. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on September 10, 2025, by

Marcel A. McCrea, Esq.
Phillips and McCrea, PLLC
PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
E: marcel@lawpm.com